HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARGUERITE RICHARD,

               Plaintiff,

    v.

ED MURRAY, *et al.*,

               Defendants.

CASE NO. C16-1009-RSM

ORDER ON REVIEW OF ORDER
DENYING MOTION TO RECUSE

DKT. #15

THIS MATTER is before the Court on review of Chief Judge Ricardo Martinez's Order
[Dkt. #15] declining to recuse himself in response to *pro se* Plaintiff Marguerite Richard's
Motion for Recusal [Dkt. #14]. The Order was referred to this Court as the most senior non-
Chief Judge under 28 U.S.C. § 144 and LCR 3(e).

Judge Martinez dismissed Richard's complaint without prejudice on Defendant's motion,
but gave Richard 21 days to file an amended complaint. [Dkt. #13] He determined that the
complaint did not state a plausible claim (which it did not).

A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its
face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when
the party seeking relief "pleads factual content that allows the court to draw the reasonable

1  inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must

2  accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted

3  inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249

4  (9th Cir. 2007); S*prewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A]

5  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

6  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

7  do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*

8  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires

9  a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."

10  *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*).

11         Richard's amended complaint asks for a new judge, based on "abuse of discretion"—

12  presumably, she means that Judge Martinez's decision to require an amended complaint was

13  such an abuse.

14         A federal judge should recuse himself if "a reasonable person with knowledge of all the

15  facts would conclude that the judge's impartiality might reasonably be questioned." 28 U.S.C.

16  § 144; *see also* 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.

17  1993). This objective inquiry is concerned with whether there is the appearance of bias, not

18  whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *see*

19  *also United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). ). In the absence of specific

20  allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his

21  participation in a related or prior proceeding is sufficient" to establish bias.  *Davis v. Fendler*,

22  650 F.2d 1154, 1163 (9th Cir. 1981). Judicial rulings alone "almost never" constitute a valid

23  basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

24

1       Richard's recusal request does not identify any personal bias, prejudice or interest. It is

2 based instead on the conclusory and incorrect claim that Judge Martinez abused his discretion in

3 requiring an amended complaint. But even if he had, that is not a basis for recusal.

4       Richard's Motion for Recusal [Dkt. #14] is DENIED, and Judge Martinez's Order

5 Declining to Recuse is AFFIRMED.

6       IT IS SO ORDERED.

7       Dated this 29th day of September, 2016.

8

9                                   _____

10                               Ronald B. Leighton
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24