1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

MARGUERITE RICHARD,

Case No. C16-1009RSM

11

Plaintiff,

ORDER GRANTING CITY OF

12

v.

SEATTLE'S SECOND MOTION TO
DISMISS

13

MAYOR EDWARD MURRAY, *et al.*,

14

15

Defendants.

16

## I.      INTRODUCTION

17

This matter comes before the Court on Defendant City of Seattle ("the City")'s second

18

Motion to Dismiss, Dkt. #18.  The City moves for dismissal arguing that Plaintiff's Amended

19

20

Complaint fails to state any discernible claim against Defendants.  Plaintiff Marguerite Richard

21

fails to oppose this Motion.  For the reasons set forth below, the Court agrees with the City of

22

Seattle, GRANTS its Motion, and dismisses Plaintiff's case with prejudice.

23

## II.      BACKGROUND

24

25

On September 16, 2016, the Court granted the City of Seattle's first 12(b)(6) Motion to

26

Dismiss with leave for Plaintiff to amend her Complaint.  Dkt. #13.[1]  Ten days later, Plaintiff

27

28

_____

[1] Plaintiff's original Complaint alleged that Mayor Ed Murray and the "Seattle Executive Branch" "started to use trespasses for stopping us from going to Council Chamber and our right to speak in the Chamber…"  Dkt. #5 at 2. The Plaintiff requested that the Court "stop the trespass orders," "order Seattle Police Department protect us so we

ORDER GRANTING CITY OF SEATTLE'S SECOND MOTION TO DISMISS - 1

filed her "Amended Complaint." Dkt. #14. The Amended Complaint begins with a section

entitled "Motion" where Plaintiff requests a new judge. *Id*. at 1. The next section begins:

> "After 400 years of enslavement by European Settlers Bruce A.
> Harrell stated to the communist party not to harass me
> COMMUNIST CONTROL ACT AUGUST 24, 1954. HOW CAN
> THESE DEMONS HAVE RIGHTS OVER BLACK FREE
> PEOPLE THAT WAS BORN AND RAISE (sic) ON NATIVE
> LAND. Now at the times of wars against our Armed Forces of
> America. I notice you will speak on behalf of Asians."

Dkt. #14 at 3 (emphasis in original). The Amended Complaint continues in this fashion for one

page, with two handwritten pages after the signature line. *See id*. These pages reference a

February 22, 2016, letter from the City, but Plaintiff goes on to state, entirely out of context,

"[f]reedom from discrimination Asians Chinese Third World County" and to list roughly a

dozen laws, often outside of a sentence and without any context or connection to fact. *See id*.

On September 27, 2016, the Court addressed Plaintiff's apparent Motion for recusal

with an Order denying that request. *See* Dkt. #15. On September 30, 2016, Plaintiff filed an

apparent Motion requesting "a copy of investigation from Seattle Office for Civil Rights…"

Dkt. #17 at 1.

On October 17, 2016, the City of Seattle filed the instant Motion. The City of Seattle

argues that Plaintiff's Amended Complaint "does not contain the essential elements of any

viable claim against the City." Dkt. #18 at 1. The City argues that the Amended Complaint "is

confusing, disorganized, and incoherent," the first two pages "contain nothing more than a

general citation to 'arbitrary' and 'capricious' government power," and the remaining pages

contain incomprehensible citations to the U.S. Constitution and Revised Code of Washington

"without any discernible linkage to clear facts or logical consistency." *Id*. at 3-4. The City

---

can go in council chamber," stop "this Comma Nazi Fascism with KGB Gestapo principle from Mayor Edward
Murray's administration," and "restore back our constitutional right, freedom of speech etc." *Id*. at 4.

ORDER GRANTING CITY OF SEATTLE'S SECOND MOTION TO DISMISS - 2

1

2

3

points out that "the Complaint fails to set forth any specific relief requested." *Id*. at 4. The City argues this fails to constitute fair notice under *Twombly* and that further amendments would be futile. *Id*. at 4-5.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

On October 25, 2016, Plaintiff filed a document entitled "Amend to this Case Number" containing ten pages of attachments, including a letter from the Seattle office of Civil Rights to Plaintiff summarizing an interview with Plaintiff. Dkt. #19. This interview appears to relate to Plaintiff's underlying claim of being cut off or escorted out of Seattle City Council meetings. *Id*. The interview includes accusations of conspiracy and racketeering, a reference to Anne Frank, and a reference to a "Neo Nazi Ku Klux Klan racist regime." *Id*. On November 7, 2016, Plaintiff filed a letter to the Court "providing other evidence" with attachments of other letters between Plaintiff and various governmental agencies. Dkt. #20. On November 15, 2016, Plaintiff filed a Motion stating "I demand as a poor impoverished black female for a (sic) attorney to be appointed for a (sic) open public hearing wherefore to bring my witnesses…" Dkt. #21 at 1. Plaintiff again references conspiracy, racketeering, and a "Nazi Ku Klux Klan administration." *Id.* at 2.

19

20

21

22

23

On November 18, 2016, the City filed its Reply in support of the instant Motion. Dkt. #24. The City of Seattle argues that none of Plaintiff's additional filings constitute a substantive response to the City's Motion pointing out the deficiencies in the Amended Complaint, and that the City's Motion is thus unopposed and should be granted. *Id*. at 1.

### III.   DISCUSSION

24

25

**A. Legal Standard**

26

27

28

In making a Rule 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party.

*Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, Plaintiff's claims must be dismissed. *Id*. at 570.

The party opposing a motion shall, within the time prescribed in Local Rule 7(d), file and serve on each party a brief in opposition. LCR 7(b)(2). "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." *Id.*

**B. The City of Seattle's Motion**

As an initial Matter, the Court notes that Plaintiff cannot amend her claims by filing additional letters and exhibits in a piecemeal fashion. A true amendment to the Amended Complaint would supersede her prior Amended Complaint, in this case leaving Plaintiff with exhibits but no claims. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (referring to "the well-established doctrine that an amended pleading supersedes the original pleading"); LCR 15 ("The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits"); Fed. R. Civ. P. 8(a) ("A pleading that states a claim

1   for relief must contain: a short and plain statement of the grounds for the court's jurisdiction…;

2   a short and plaint statement of the claim showing that the pleader is entitled to relief…").  The

3   Court is therefore entitled to disregard Plaintiff's attempts to amend or attach exhibits to her

4   Complaints for purposes of this Motion, but in the interest of justice has reviewed these

5   documents.

6       The Court finds that, even accepting all facts alleged in the Amended Complaint as true,

7   and making all inferences in the light most favorable to the non-moving party, relief cannot

8   possibly be granted on Plaintiff's claims as stated.  The Court agrees with the City of Seattle

9   that Plaintiff's facts and claims are too vague to provide fair notice to the City and the other

10  Defendants.  *See Twombly, supra.*  Plaintiff's failure to substantively respond to the City's

11  Motion leads the Court to the conclusion that the City's arguments pointing out the deficiencies

12  in the Amended Complaint have merit.  *See* LCR 7(b)(2).  Plaintiff's additional filings and

13  attachments do nothing to change the Court's conclusion.  Accordingly, Plaintiff's claims in

14  their entirety and against all Defendants will be dismissed.

15      Where a complaint is dismissed for failure to state a claim, "leave to amend should be

16  granted unless the court determines that the allegation of other facts consistent with the

17  challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-*

18  *Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Given Plaintiff's repeated filings and

19  opportunities to amend, the Court finds that the deficiencies identified above cannot potentially

20  be cured and will dismiss this case with prejudice.  Because of this dismissal, Plaintiff's

21  outstanding Motions are denied as moot.

22      //

23      //

ORDER GRANTING CITY OF SEATTLE'S SECOND MOTION TO DISMISS - 5

## IV.    CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1)  Defendant City of Seattle's 12(b)(6) Motion to Dismiss (Dkt. #18) is GRANTED.

2)  All of Plaintiff's claims are DISMISSED with prejudice.

3)  Plaintiff's Motions (Dkts. #17 and 21) are DENIED AS MOOT.

4)  This Case is CLOSED.

5)  The Court directs the Clerk to send a copy of this Order to Plaintiff at: 533 3rd Ave West Apt 409, Seattle, WA 98119.

DATED this 21 day of November, 2016.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING CITY OF SEATTLE'S SECOND MOTION TO DISMISS - 6